Filed 4/30/14  P. v. Thierry CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B243589 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA077040) |
| v. | |
| ALBERT MARTIN THIERRY, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Affirmed in part, reversed in part, and remanded.

Mark Yanis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Erika D. Jackson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Albert Martin Thierry, Jr. (appellant) was convicted of second degree robbery and various other crimes. Before sentencing, he asked the court to relieve his retained counsel. The court held two *Marsden*[1] hearings, and denied his request. Appellant was sentenced to 65 years to life. He argues the court erred in applying *Marsden* because his counsel was retained, not appointed. Respondent concedes this was error. We agree and reverse the judgment as to the sentence, but affirm the conviction in all other respects.

### FACTUAL AND PROCEDURAL SUMMARY

Appellant was charged with five offenses in July 2011: two counts of second degree robbery (Pen. Code, § 211)[2] within the meaning of section 667.5, subdivision (c) and section 1192.7, subdivision (c); second degree commercial burglary (§ 459); use of tear gas (§ 12403.7, subd. (g)); and grand theft of personal property (§ 487, subd. (a)). The amended information alleged appellant used a firearm or pepper spray in the commission of some offenses and was on parole at the time that all were committed. It also alleged appellant suffered various prior convictions.

In November 2011, a jury convicted appellant on all counts. It also found the special allegations to be true, except the firearm allegation that the court later dismissed. At the February 2012 sentencing hearing, appellant's retained counsel, David Romley, said, "It appears there is a breakdown in the attorney-client relationship. And [appellant] would like to retain new counsel. And I have no objection to that." Appellant confirmed that he wanted the court to appoint a public defender, to which the court agreed. The court relieved Romley, and appointed Magaly Gil, a public defender, as appellant's counsel "for sentencing only." The court granted Gil's request for a sentencing hearing on March 22.

On March 2, 2012, the court stated it had erred "in the manner in which [it] assessed the situation" of appellant's request to relieve his retained attorney. It held a

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[2]     All subsequent statutory references are to the Penal Code.

2

*Marsden* hearing, asking appellant why he wanted a new attorney. Appellant said he doubted Romley's ability to argue in an upcoming hearing, and that their relationship was "not working out." Without a "sufficient reason . . . to relieve [appellant's] attorney," the court told appellant he could hire a new attorney, continue with Romley, or represent himself, but it refused to appoint a public defender or alternate public defender. The court relieved Gil, placed Romley back on the case, and left the sentencing hearing set for March 22.

At the sentencing hearing, the court acknowledged that in February it had conducted a "very inadequate inquiry as to why there was a conflict, why this was even necessary and that there was no reason to relieve Mr. Romley at that point." Romley said that he had not declared a conflict. Instead, he said appellant "suggested that he was not satisfied with my representation and wanted . . . new counsel," which appellant confirmed. The court then held a second *Marsden* hearing. Appellant said Romley did not communicate with him, file motions, seek to admit evidence in appellant's favor, conduct investigations, or keep his promise to talk with appellant prior to court proceedings. In response, the court said, "You're obviously stuck with the fact that you were convicted. . . . I'm not going to relieve [Mr. Romley]. . . . I don't see any conflict or legal reason to remove . . . him."

In July 2012, the court denied probation and sentenced appellant to an aggregate term of 65 years to life. The court granted 551 days of credit, imposed restitution and parole fines, and scheduled a restitution hearing. Appellant filed a timely notice of appeal.

## DISCUSSION

Appellant argues the trial court erred in refusing to relieve his retained counsel. He contends the court applied the wrong standard under *Marsden*, because his attorney was retained, not appointed. Respondent concedes this error.

The California Supreme Court has determined the proper standards for trial court consideration of a criminal defendant's request for new counsel. Defendants represented

by appointed counsel must satisfy a higher bar than those who retain their own attorneys. "The right of a nonindigent criminal defendant to discharge his retained attorney, with or without cause, has long been recognized in this state." (*People v. Ortiz* (1990) 51 Cal.3d 975, 983 (*Ortiz*).) A defendant's right to relieve his or her retained attorney "is not absolute. The trial court, in its discretion, may deny such a motion if discharge will result in 'significant prejudice' to the defendant [citation], or if it is not timely, i.e., if it will result in 'disruption of the orderly processes of justice' [citations]." (*Ibid.*) In contrast, appointed counsel may be discharged only after defendant demonstrates that failure to do so ""would substantially impair or deny the [Constitutional] right"" to court-appointed counsel. (*Marsden*, *supra*, 2 Cal.3d at p. 123.) Under this standard, courts examine whether an attorney is providing inadequate representation or there exists an irreconcilable conflict between defendant and attorney. (*People v. Hernandez* (2006) 139 Cal.App.4th 101, 108 (*Hernandez*).)

In *Ortiz*, the court summarized this distinction between requests to discharge appointed and retained counsel: "While we do require an *indigent* criminal defendant who is seeking to substitute one *appointed* attorney for another to demonstrate either that the first appointed attorney is providing inadequate representation [citations], or that he and the attorney are embroiled in irreconcilable conflict [citation], we have never required a *nonindigent* criminal defendant to make such a showing in order to discharge his *retained* counsel." (*Ortiz*, *supra*, 51 Cal.3d at p. 984.) Reversal is automatic when a court applies the higher *Marsden* standard, instead of the correct *Ortiz* standard, to a discharge request by a defendant who "is represented by retained counsel and is or may be eligible to have appointed counsel." (*Hernandez*, *supra*, 139 Cal.App.4th at p. 109.)

The trial court erred in applying *Marsden* to appellant's request to relieve his retained counsel. It held two separate hearings pursuant to *Marsden*, and expressly looked for a conflict between appellant and Romley. Respondent concedes this was error, and the court should have analyzed appellant's request to remove Romley under

4

*Ortiz.*  Accordingly, the proper remedy is reversal.  (See *Hernandez*, *supra*, 139 Cal.App.4th at p. 109.)

## DISPOSITION

The judgment is reversed as to the sentence only; the conviction is affirmed in all other respects.  The case is remanded with directions to vacate the sentence and conduct an inquiry into appellant's request to relieve Romley consistent with the standards set out in *Ortiz*, *supra*, 51 Cal.3d 975.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

EDMON, J.*

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5